UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Matthew Edward Voog,

    Petitioner,

    v.                                                 Civil Action No. 1:11-CV-76

Andrew Pallito,

    Respondent.

## REPORT AND RECOMMENDATION
(Docs. 1, 3, 8 and 16)

Petitioner Matthew Edward Voog has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition asserts several claims, including: (1) that Voog is being denied adequate medical care while in prison; (2) that his conviction in state court was based upon questionable evidence; (3) that the Vermont Department of Corrections ("DOC") has not applied credits to his sentence as ordered by the state court; and (4) that prosecutors improperly released information to the public prior to his arraignment.  Also before the Court are Voog's motions for judgment, in which he claims that the Attorney General failed to file a timely response to his petition, and for production of a Veterans Administration report.  (Docs. 8 and 16.)

Respondent opposes the petition, arguing that Voog has failed to exhaust his state court remedies.  (Docs. 3 and 5.)  Respondent also opposes Voog's motion for judgment. (Doc. 12.)  For the reasons set forth below, I recommend that Respondent's partial

motion to dismiss be GRANTED, that Voog's petition and pending motions be DENIED, and that this entire matter be DISMISSED without prejudice.

## Factual Background

In 2009, Voog was charged with one count of first degree aggravated domestic assault. The charge was subsequently amended to one count of attempted simple assault by menace, and a second count of reckless endangerment. Voog ultimately entered a guilty plea to both counts, and was sentenced to eighteen to forty-two months in prison.

On March 22, 2011, Voog filed a petition in this Court under 28 U.S.C. § 2254. As noted above, the petition sets forth four claims for relief. First, Voog alleges that he has been denied medical care over a period of twenty months for his "VA and US Army diagnosed disabilities," and that he is now being told that he must "participate in therapy." (Doc. 1 at 5.) With respect to his exhaustion efforts, Voog asserts generally that "[c]ourts in Vermont are seemingly unwilling to pass judgement against the State." (*Id.*) He also claims that he has been "repeatedly" assigned an attorney from Prisoner's Rights, but that Prisoner's Rights "sabotages all my claims and agrees to dismissals so I have no hope of my claims ever being heard." (*Id.*) With respect to this specific claim, Voog states that he has filed a petition for post-conviction relief in the state courts, but that Prisoner's Rights "refuses to litigate on my behalf as a prisoner." (*Id.* at 6.)

Voog's second claim is that his arrest affidavit was notarized the day before the incident is alleged to have occurred. He further asserts that eyewitnesses were unable to corroborate the allegations against him, and that the complainant admitted to being offered a deal -- dismissal of the charges against her -- if she implicated him in the crime.

As to exhaustion, Voog refers the Court to the explanation set forth in his first claim, and claims that a post-conviction review petition was "dismissed at [the] request of Prisoner's Rights." (*Id.* at 6-7.) He also contends that his efforts to file prison grievances have been frustrated by prison transfers. (*Id.* at 8.)

In his third claim for relief, Voog alleges that he has been granted sentence credits by a lower state court, but that the DOC has failed to apply the credits. He claims that as a result of the DOC's actions, he has "received the longest misdemeanor sentence in the history of Vermont." (*Id.*) In his most recent filing, Voog further asserts that he has now been held "beyond [his] agreed to sentence," and that his current incarceration violates the terms of his plea agreement. (Doc. 20 at 1.) With respect to exhaustion, he again claims to have filed a petition for post-conviction review, and refers the Court to the explanation set forth in his first claim. (Doc. 1 at 9.)

Voog's fourth and final claim is that prosecutors violated his constitutional rights by "releasing case information to news agencies before even holding an arraignment under the guise of Vermont[']s open records law." (*Id.* at 10.) He allegedly filed a post-conviction review petition regarding this claim in state court, but the petition was dismissed "at [the] request of Prisoner's [R]ights." (*Id.* at 11.)

In response to Voog's contention that he has been unable to fully-pursue his claims in state court, Respondent reports that Voog recently filed an appeal with the Vermont Supreme Court. The appeal contests two rulings issued in the course of Voog's criminal case. Respondent has also provided a copy of Voog's appellate brief, submitted through counsel, which argues: (1) that the trial court should have stricken "surplusage"

3

from Voog's indictment or information, and (2) that the trial court should have granted his motion for the return of property seized during the criminal investigation. (Doc. 3-3 at 5-9.) The parties report that the appeal is still pending.

Respondent has further submitted a copy of a state court opinion that, rather than reflecting a failure on the part of a Prisoner's Rights attorney, explained that Voog had failed to exhaust his prison administrative remedies. (Doc. 5-2.) Voog's claims in the state court case included allegations of a sentence miscalculation; deliberate indifference to serious medical needs; wrongful arrest; and unsafe prison conditions. (*Id.* at 1-2.) The opinion, authored by Judge Geoffrey Crawford on November 5, 2010, concluded that Voog "did not exhaust his sentence calculation claim by pursuing it to completion." (*Id.* at 3.) Judge Crawford also found that Voog's claim regarding his safety while in prison had been rendered moot by a recent transfer, and ordered the parties to supplement the record with respect to the question of whether Voog had exhausted his medical care claim. (*Id.* at 2-3.) Finally, Respondent informs the Court that Voog has other matters still pending in state court, including a consolidated action regarding his medical care, as well as a habeas corpus challenge to his sentence computation. (Doc. 5 at 6.)

## Discussion

### I.   Voog's Motion for Judgment

The Court first addresses Voog's motion for judgment. Voog contends that the Attorney General's opposition to his petition was untimely, and that he is therefore entitled to judgment as a matter of law. (Doc. 8.) This argument is misplaced. On April 11, 2011, the Court ordered Respondent to file an answer to Voog's petition within thirty

4

days after the date of the order.  The Office of the Attorney General complied with the order, submitting a response on May 10, 2011.  (Doc. 5.)  Voog's motion for judgment as a matter of law on the basis of Respondent's timeliness should therefore be DENIED.

## II.     Exhaustion Standard

Respondent has moved for dismissal in two parts, with the State's Attorney's office addressing Voog's claims of flaws in his prosecution (Doc. 3), and the Attorney General's office asking for dismissal of Voog's medical care and sentence calculations claims (Doc. 5).  Both responses assert that Voog has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254 (b)(1)(A).

It is well-settled that a federal district court "'may not grant the habeas petition of a state prisoner unless it appears that the applicant has exhausted the remedies available in the courts of the State.'"  *Shabazz v. Artuz*, 336 F.3d 154, 160 (2d Cir. 2003) (quoting *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001)); *see also Hill v. Mance*, 598 F. Supp. 2d 371, 375 (W.D.N.Y. 2009); 28 U.S.C. § 2254(c).  "'State courts, like federal courts, are obliged to enforce federal law.'"  *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999)).  "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."  *O'Sullivan*, 526 U.S. at 844.

A petitioner exhausts his state remedies in the federal habeas context by: "(i) present[ing] the federal constitutional claim asserted in the petition to the highest state court (after preserving it as required by state law in lower courts); and (ii) inform[ing]

that court (and lower courts) about both the factual and legal bases for the federal claim." *Ramirez v. Attorney Gen.*, 280 F.3d 87, 94 (2d Cir. 2001) (citing *Picard v. Connor*, 404 U.S. 270, 276-77 (1971)).  A "state prisoner does not 'fairly present' a claim to a state court" where the state court brief "does not alert [the court] to the presence of a federal claim."  *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *see also Aguilera v. Walsh*, 2001 WL 1231524, at *5 (S.D.N.Y. Oct. 17, 2001) (noting that "fair presentation" requirement of exhaustion doctrine requires "constitutional claims to [be presented] to the highest state court").  State prisoners "need not have invoked every possible avenue of state court review," but must instead "'give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'"  *Galdamez,* 394 F.3d at 73 (quoting *O'Sullivan*, 526 U.S. at 845) (emphasis in *Galdamez*).

The federal habeas corpus statute provides an exception to the exhaustion requirement if there is either "an absence of available State corrective process," or when "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).  The burden of demonstrating exhaustion of state remedies lies with the petitioner. *See Colon v. Johnson*, 19 F. Supp. 2d 112, 119-20 (S.D.N.Y. 1998).

### III.    Medical Care Claim

Voog's first claim pertains to his medical care while in prison.  A Section 2254 petition may not be the proper vehicle for this sort of claim.  In *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973), the U.S. Supreme Court explained that while a writ of habeas

6

corpus is the sole remedy for a prisoner challenging the fact or duration of his confinement, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life . . . ." *Id.* at 499; *see also Muhammad v. Close*, 540 U.S. 749, 751 (2004) ("Challenges to the validity of confinement or . . . its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.") (citation omitted); *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994); *see also Abdul-Khaliq v. Smith*, 2010 WL 5830488, at *19 (S.D.N.Y. Dec. 11, 2010) ("challenges to prison conditions . . . must be asserted in § 1983 lawsuits").

Even if the Court could consider Voog's conditions of confinement claim in a habeas corpus action, Section 2254 requires exhaustion of state court remedies as discussed above. *See, e.g., Ramirez*, 280 F.3d at 94. There is no indication in the record that Voog has exhausted his remedies with respect to his medical care claims. Indeed, it appears that he currently has medical care claims pending in the state courts, and there is no suggestion that such claims, or any prior medical care claims, have been brought before the Vermont Supreme Court.

Voog argues for invocation of the "ineffective process" exception under § 2254(b)(1)(B)(ii) with respect to some, and arguably all, of his claims. (Doc. 4 at 4.) The record, however, does not support his position. Specifically, Judge Crawford's written opinion contemplated dismissal due to a lack of administrative exhaustion, and gave no indication of either "sabotage" by a Prisoner's Rights attorney or the state court's unwillingness to rule against the State. Furthermore, Voog has failed to demonstrate

7

either that the state courts have barred him from proceeding pro se (which would avoid the potential for attorney "sabotage"),[1] or that there have been efforts to prevent him from appealing to the Vermont Supreme Court.

The Court should therefore find that, even if Voog's medical care claim could be pursued in a petition for writ of habeas corpus, his claim must be DISMISSED without prejudice for lack of exhaustion. *See Hargrove v. Dep't of Corr.*, 2009 WL 2372165, at *1 (D. Conn. July 30, 2009) (finding that court "need not determine whether petitioner should be permitted to challenge conditions of confinement in state custody in a federal habeas action. Even if the claims were permitted, petitioner has not exhausted his state court remedies before filing this action."). Further, because Voog's medical care claim is not properly before the Court, his related motion to order production of documents pertaining to a Veterans Administration report (Doc. 16) should be DENIED as moot.

## IV.  Remaining Claims

Voog's three remaining claims each pertain to either to the validity of his conviction or the length of his sentence. As such, they are proper bases for a Section 2254 petition. *See Preiser*, 411 U.S. at 499. However, as Respondent properly argues, Voog has not exhausted any of these claims in the state courts.

As noted above, in order to exhaust state court remedies, a petitioner must "fairly present" to the highest state court "both the factual and legal premises of the claims he asserts in federal court." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Voog's petition cites

---

[1] The Vermont Supreme Court recently confirmed that if litigants are indigent or "without viable resources," they must be allowed to proceed *pro se*. *Zorn v. Smith*, 19 A.3d 112, 120 (Vt. 2011).

a single Vermont Supreme Court case (Doc. 1 at 12), and Respondent has provided the Court with the appellant's brief in that case. The claims being asserted in the appeal arise out of Voog's criminal case, but do not set forth the same facts or legal arguments as those presented here. (Doc. 3-3 at 3.)

In response to Respondent's exhaustion argument, Voog contends that he "filed petitions challenging the convictions in dockets 502-5-09 and 320-3-09 Bncv and the State's Attorney in Bennington was well aware of these and even participated in open hearings." (Doc. 8 at 1.) Voog's case references are to lower court proceedings, and not to the "highest state court." *Baldwin*, 541 U.S. at 32. Consequently, those matters do not qualify as exhaustion of state court remedies. *Id.* Moreover, as discussed above with respect to his medical care claim, the record does not support Voog's contention that Prisoner's Rights attorneys are sabotaging his cases, or that the state courts are uniformly unwilling to find in his favor.

To the extent that Voog is challenging the validity or length of his sentence, it appears that he still has avenues for relief available to him in the state courts. Indeed, Respondent concedes that he may be able to file a petition for post-conviction relief "so long as he is 'in custody under sentence,' and his direct appeal to the Vermont Supreme Court is no longer pending." (Doc. 3-1 at 2) (quoting 13 V.S.A. § 7131). Because Voog has failed to exhaust his state court remedies, but is not procedurally barred from pursuing his claims in state court, I recommend that his petition be DISMISSED without prejudice to re-filing at a future date.

## **Conclusion**

For the reasons set forth above, I recommend that Respondent's partial motion to dismiss (Doc. 3) be GRANTED and that Voog's petition for writ of habeas corpus, submitted pursuant to 28 U.S.C. § 2254 (Doc. 1), be DENIED.  I further recommend that Voog's motion for judgment as a matter of law (Doc. 8) and motion to order the production of documents (Doc. 16) be DENIED, and that this entire case be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 11th day of October, 2011.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c).  Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation.  See Fed. R. Civ. P. 72(a); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).